# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 39627/39628

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 407 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 19, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| TIFFANY DEE RAZON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Orders revoking probation and requiring execution of unified six-year sentence with two-year determinate term for possession of a controlled substance; unified six-year sentence with three-year determinate term for possession of a controlled substance, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

In these consolidated appeals, Tiffany Dee Razon pled guilty to possession of a controlled substance, Idaho Code § 37-2732(c)(1), in Docket No. 39627. The district court imposed a unified sentence of six years with two years determinate and retained jurisdiction. Upon review of Razon's period of retained jurisdiction, the district court suspended the sentence and placed her on probation.

In Docket No. 39628, Razon was charged with possession of a controlled substance, I.C. § 37-2732(c)(1). This new charge was also submitted to the district court as a probation violation in Docket No. 39627. Razon admitted to violating her probation in Docket No. 39627,

1

and she also pled guilty to the possession of a controlled substance charge in Docket No. 39628. The district court revoked Razon's probation in Docket No. 39627 and imposed a unified sentence of six years with three years determinate in Docket No. 39628. The district court ordered the sentences to run concurrently, and it retained jurisdiction. Upon review of Razon's period of retained jurisdiction, the district court suspended the sentences and again placed her on probation. Subsequently, Razon admitted to violating several terms of her probation, and the district court consequently revoked probation in both cases and ordered execution of the original sentences. Razon appeals.

Following settlement of the appellate record, Razon filed, with the Idaho Supreme Court, a motion to augment the record requesting various unprepared transcripts. The Supreme Court denied Razon's motion as to all but one of the requested transcripts. Razon appeals, contending that the Idaho Supreme Court denied her due process and equal protection by denying her motion to augment the record with the requested transcripts. Razon also asserts the district court abused its discretion by failing to sua sponte reduce her sentences.

Razon's brief presents argument that the denied transcript is needed for effective review of her claims of district court error and, therefore, the Idaho Supreme Court violated her rights to due process and equal protection and her right to effective assistance of counsel by denying her motion to augment the record on appeal. We recently addressed a nearly identical argument in *State v. Morgan*, 153 Idaho 618, 620, 288 P.3d 835, 837 (Ct. App. 2012) where we said:

> We begin by disclaiming any authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law. Such an undertaking would be tantamount to the Court of Appeals entertaining an "appeal" from an Idaho Supreme Court decision and is plainly beyond the purview of this Court. Nevertheless, if a motion is, in effect, renewed by the movant, and new information or a new or expanded basis for the motion is presented to this Court that was not presented to the Supreme Court, we deem it within the authority of this Court to evaluate and rule on the renewed motion in the exercise of our responsibility to address all aspects of an appeal from the point of its assignment to this Court. Such may occur, for example, if the completed appellant's and/or respondent's briefs have refined, clarified, or expanded issues on appeal in such a

2

way as to demonstrate the need for additional records or transcripts, or where new evidence is presented to support a renewed motion.[1]

Razon has not filed with this Court a renewed motion to augment the record, nor has she presented to this Court in her briefing any significant new facts or a new justification for augmentation beyond that already advanced in her motion to the Supreme Court. She is, in substance, asking us to determine that the Idaho Supreme Court violated constitutional law by denying her motion. As that is beyond the scope of our authority, we will not address the issue further.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *Morgan*, 153 Idaho at 621, 288 P.3d at 838. Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

---

[1] In *Morgan*, for the purpose of a complete discussion, we addressed on the merits each argument now being advanced by Razon in this appeal. We rejected them all as without merit.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id.*

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation in both of these cases or in ordering execution of Razon's original sentences without modification. Therefore, the orders revoking probation and directing execution of Razon's previously suspended sentences are affirmed.